UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BIN WANG,
*on his own behalf and on behalf of others similarly situated*

                     Plaintiff,
              v.

LEO CHULIYA, LTD
      d/b/a Fantasy Cuisine;
DUMPLING PLUS CORP.
      d/b/a Dumpling+Noodle,
AUSTIN CHU
      a/k/a Auston Chu
      a/k/a Chiahung Chu
      a/k/a Chia-Hung Chu
      a/k/a Chia Hung Chu, and
IWEN CHEN
      a/k/a I Wen Chen
      a/k/a I-Wen Chen
      a/k/a Yvonne Chen
      a/k/a Jane Chen
      a/k/a Mrs. Chen
                    Defendants.
------------------------------------------------------------------x

Case No. 23-cv-2463

**CLASS ACTION**
**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff BIN WANG (hereinafter referred to as "Plaintiff" or "Wang"), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants LEO CHULIYA LTD, d/b/a Fantasy Cuisine, and DUMPLING PLUS CORP. d/b/a Dumpling + Noodle (hereinafter referred to as "Corporate Defendants"); AUSTIN CHU a/k/a Auston Chu a/k/a Chiahung Chu a/k/a Chia-Hung Chu a/k/a Chia Hung Chu and IWEN CHEN a/k/a I Wen Chen a/k/a I-Wen Chen a/k/a Yvonne Chen a/k/a Jane Chen a/k/a Mrs. Chen (hereinafter collectively referred to as "Individual Defendants") (collectively with Corporate Defendant referred to as "Defendants") and allege as follows:

**INTRODUCTION**

1. This is an action for damages under the Internal Revenue Code, 26 U.S.C. §7434 for relief, damages, fees in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS")

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this controversy under Section 1331 of Title 28 of the United States Code.

3. Venue is proper in the Southern District of New York pursuant to Section 1391, Subsection (b) and (c) of Title 28 of the United State Code.

## ADMINISTATIVE REQUIREMENTS

4. The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under 26 U.S.C. §7434 Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. §7434(d).

5. Plaintiff has satisfied all conditional precedent, or they have been waived.

## PLAINTIFF

6. Plaintiff BIN WANG, for all relevant time periods, was a resident of Queens County, New York and was employed by Defendants from on or about September 08, 2019, to October 3, 2022, to work as a Dim Sum Chef.

## DEFENDANTS

*Corporate Defendants*

7. LEO CHULIYA LTD d/b/a Fantasy Cuisine Co. is an active domestic business corporation organized under the laws of the state of New York with a principal address at 20 N.

Central Avenue, Hartsdale, NY 10530.

8. DUMPLING PLUS CORP d/b/a Dumpling + Noodle is an active domestic business corporation organized under the laws of the state of New York with a principal address at 26 Palmer Avenue, Bronxville, NY 10530.

*Owner/Operator Defendants*

9. AUSTIN CHU a/k/a Auston Chu a/k/a Chiahung Chu a/k/a Chia-Hung Chu a/k/a Chia Hung Chu is the president, chief executive officer, managing principal, registered agent, and secretary for all of the Corporate Defendants. AUSTIN CHU exercises operational control as it relates to all employees including Plaintiff and the Class. Furthermore, AUSTIN CHU exercises operational control over the business and financial operations of all Corporate Defendants.

10. IWEN CHEN a/k/a I Wen Chen a/k/a I-Wen Chen a/k/a Yvonne Chen a/k/a Jane Chen a/k/a Mrs. Chen is the president, chief executive officer, managing principal, registered agent, and secretary for all of the Corporate Defendants. IWEN CHEN exercises operational control as it relates to all employees including Plaintiff and the Class. Furthermore, IWEN CHEN exercises operational control over the business and financial operations of all Corporate Defendants.

## STATEMENT OF FACTS

11. From in or around January 2020 till October 22, 2020, the end of plaintiff's employment Defendants regularly paid Plaintiff his wage compensation:

$500.00 by CHECK plus $200.00 by cash during January 01, 2020, till March 29, 2020;
$500.00 by CHECK plus $400.00 by cash during April 12, 2020, till May 10, 2020;
$800.00 by CHECK plus $100.00 by cash during May 11, 2020, till July 31, 2020; and
$375.00 by CHECK plus $525.00 by cash during August 01, 2020 till Oct 22, 2020 per week.

12. The above payments by CHECKS are with withholdings for federal, state and local taxes, and payments by cashes are without any withholdings for federal, state and local taxes.

13. During this time period of 2020, Defendants provided Plaintiff with a copy of the Form W-2 that Defendants filed with the United States Internal Revenue Service ("IRS"), which reflected only the wages that Plaintiff was paid by check. (See attached Exhibit "A").

14. A Form W-2 is an information return as defined by 26 U.S.C. §6724(d)(1).

15. Defendants reported fraudulent information to the IRS in violation of 26 U.S.C. §7434 by filing the Form W-2 with false information regarding the payments of wages to Plaintiff.

16. As Defendants willfully filed fraudulent information returns in violation of 26 U.S.C. §7434, Plaintiff is entitled to damages in an amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff, costs of the action and reasonable attorneys' fees.

17. Judgment should be entered in favor of Plaintiff and against Defendants on the Cause of Action in an amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff, costs of the action, and reasonable attorneys' fees.

## RULE 23 CLASS ACTION ALLEGATIONS

18. Plaintiff brings his internal Revenue Code claims as a class action pursuant to FED. R. Civ. P. §23 on behalf of himself individually and on behalf of all persons employed by Defendants during the six years limitation period (the "IRC Class Period") who were subjected to Defendants' unlawful filing of fraudulent information returns with the IRS.

19. The members of the IRC Class, like Plaintiff, were/are subjected to Defendants' unlawful filing of fraudulent information returns with the IRS.

20. The claims of Plaintiff described herein are typical of the claims of the IRC Class he seeks to represent.

21. Plaintiff will fairly and adequately represent and protect the interests of the IRC Class and has retainer counsel competent and experienced in complex class actions and employment litigation.

22. Common questions of law and fact exist as to the IRC Class, and predominate over any questions affecting only individual members of the IRC Class, which include, but are not limited to, the following:

    A. Whether Defendants filed fraudulent information returns with the IRS as to plaintiff and the IRC Class;

    B. Whether Decadents reported that Plaintiff and the IRC Class revived taxable income on account of unpaid wages and/tips;

    C. Whether Decadents reported that Plaintiff and the IRC Class were provided wages and/or tips that were not actually provided;

    D. Whether taxable income was imputed to Plaintiff and the IRC Class for unpaid wages and/or Tips;

    E. Whether Plaintiff and the IRC Class suffered increased tax liability on account of Defendants' filing of false information returns; and

    F. Whether Defendants' violations of the Internal Revenue Code were willful.

23. These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

24. Plaintiff is a member of the IRC Class that he seeks to represent. Plaintiff's claims are typical or the claims of the IRC Class. The relief Plaintiff seeks for the unlawful policies and

practices complained of therein are also typical of the relief which is sought on behalf of the IRC Class.

25. Plaintiff's interests are co-extensive with those of the IRC Class that he seeks to represent in this case. Plaintiff is willing and able to represent the IRC Class fairly and to vigorously pursue his similar individual claims in this action. Plaintiff has retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Plaintiff and his counsel to litigate the individual and IRC Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. §23(a)(4).

26. Defendants have acted or refused to act on grounds generally applicable to the IRC Class, making final injunctive and declaratory relief appropriate with respect to the IRC Class as a whole.

27. Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' Individual and class-wife liability and the essential predicate for Plaintiff's and the IRC Class' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

28. The common issues of fact and law affecting Plaintiff's claims and those of the IRC Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

29. A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the IRC Class. There will be no difficulty in the management of this action as a class action.

30.     The cost of proving Defendants' violations of the IRC and the supporting Federal Regulations makes it impracticable for Plaintiff and the IRC Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of potential plaintiffs litigating identical claims. The claims of the IRC Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the IRC Class arise from the same course of events and each class member will make similar legal and factual arguments to prove Defendants' liability.

31.     The IRC Class is so numerous that joinder of all member is impracticable. While the exact number of the IRC Class is unknown to Plaintiff at the present time, upon information and belief, there are at least 40 similarly-situated persons who ere/are employed by defendants on whose behalf Defendants filed fraudulent information returns with the IRS during the IRC Class period.

32.     Plaintiff is currently unaware of the identities of the members of the IRC Class. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants on whose behalf Defendants filed fraudulent information returns during the IRC Class Period, along with their last known address, telephone numbers and e-mail address, so Plaintiff ca give the IRC Class Notice of this Action and an opportunity to make an informed decision abut whether to participate in it.

## STATEMENT OF CLAIMS

### COUNT I.

[Violation of IRC §7434]
Brought on behalf of Plaintiff and the IRC Class]

33.     Plaintiff, on behalf of himself and the IRC Class, re-alleges and incorporates by

reference all preceding paragraphs as though fully set forth herein.

34. 26 U.S.C. §7434 provides that where any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person filing such information return.

35. As set forth above, during the IRC Class Period, Defendants willfully filed fraudulent information returns with respect to payments purported to be made to Plaintiff and the IRC Class. These information returns falsely stated that taxable income was received by Plaintiff and the IRC Class in the form of wages and/or tips that were never actually paid. As a result, Plaintiff and the IRC Class suffered increased tax liability.

36. Defendants' violations of 26 U.S.C. §7434 entitle Plaintiff and the IRC Class to recover damages or the greater of: $5,000 person or the actual economic damages sustained as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving the deficiencies asserted as a result of such filing), plus reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and Rule 23 Class members, respectfully requests that this Court enter a judgment providing the following relief:

a) Declare this action to be maintainable as a class action pursuant to Fed. R. civ. P. 23 as to the IRC Class;

b) Determine the damages sustained by Plaintiff and the IRC Class as a result of Defendants' violations of the IRC and/or its regulations, and award those damages against Defendants and in favor of Plaintiff and the IRC Class, plus such pre-judgment and post Judgment interests as may be allowed by law;

    c)    Designate Plaintiff as representative of the IRC class;

    d)    Designate Troy Law, PLLC as class counsel as to the IRC Class;

    e)    Award Plaintiff and the IRC Class an award of punitive damages;

    f)    Award Plaintiff and the IRC Class their reasonable attorneys' fees and costs;

    g)    Grant Plaintiff and the IRC Class such other and further relief that the court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule §38(b) and §38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: March 23, 2023
Flushing, New York

TROY LAW, PLLC
*Attorneys for the Plaintiff and potential Rule 23 Class*

*/s/ John Troy*
John Troy
Aaron Schweitzer
Tiffany Troy
41-25 Kissena Blvd, Suite 110
Flushing, NY 11355
Tel- 718 762 1324 -Text
TroyLaw@TroyPllc.Com