UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __05/16/2024__
```

BIN WANG, on behalf of himself and others
similarly situated,

                              Plaintiff,

            -against-

LEO CHULIYA, LTD. d/b/a FANTASY
CUISINE, et al.,

                              Defendants.

23-cv-2463 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Bin Wang ("Plaintiff"), on behalf of himself and others similarly situated, brings this putative class action against Defendants Leo Chuliya Ltd., d/b/a Fantasy Cuisine; Dumpling Plus Corp. d/b/a Dumpling + Noodle; Austin Chu; and Iwen Chen (together, "Defendants") for damages under the Internal Revenue Code, 26 U.S.C. § 7434 ("Section 7434"). (Complaint ("Compl."), ECF No. 1.) Plaintiff asserts a single claim under Section 7434 alleging that Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS"). (*Id*. ¶ 1.) Presently before the Court is the Defendants' motion (the "Motion") to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 20.)

For the following reasons, Defendants' Motion is GRANTED.

**BACKGROUND**

The following facts are derived from the Complaint and are assumed as true for the purposes of this motion. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Defendants Chu and Chen are the presidents, chief executive officers, managing principals, registered agents, and secretaries of Defendants Leo Chuliya Ltd., d/b/a Fantasy Cuisine and Dumpling Plus Corp. d/b/a Dumpling + Noodle. (Compl. ¶¶ 9-10.) Fantasy Cuisine and Dumpling

+ Noodle are businesses in New York state. (*Id.* ¶ 7-8.) Plaintiff was employed by Defendants from on or about September 08, 2019, to October 3, 2022, to work as a Dim Sum Chef. (*Id.* ¶ 6.)

From in or around January 2020 until October 22, 2020, which marked the end of Plaintiff's employment, Defendants regularly paid Plaintiff his wage compensation partially by check and partially in cash. (*Id.* ¶ 11.) The payments by check included withholdings for federal, state and local taxes, whereas the payments in cash did not. (*Id.* ¶ 12.) In 2020, Defendants filed a Form W-2 on behalf of Plaintiff that reflected only the wages that Plaintiff was paid by check. (*Id.* ¶ 13.) "Defendants reported fraudulent information to the IRS in violation of 26 U.S.C. §7434 by filing the Form W-2 with false information regarding the payments of wages to Plaintiff." (*Id.* ¶ 15.)

Plaintiff brings this action for damages on behalf of himself as well as a putative class of all persons employed by Defendants during a six-year limitation period who were subjected to Defendants' purportedly unlawful filing of fraudulent information returns with the IRS. (*Id.* ¶ 18.)

Plaintiff filed the instant action on March 23, 2023. (*See* ECF No. 1.) On October 6, 2023, Defendants filed the instant Motion. (ECF No. 20), as well as a memorandum of law ("Defs.' MoL.", ECF No. 21) and reply (ECF No. 24), in support thereof. Plaintiff filed an opposition to Defs.' MoL. ("Pltf.'s Opp.", ECF No. 25.)

**LEGAL STANDARD**

Under Rule 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's

favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id*. at 662, 678 (quoting *Twombly*, 550 U.S. at 555). The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## DISCUSSION

Section 7434(a) provides that: "if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person filing such a return." 26 U.S.C. § 7434(a). In essence, the statute creates "a private right of action for an individual who was the subject of a falsely filed information return, allowing her to bring a civil action for damages against any person [who] willfully files a fraudulent information return with respect to payments purported to be made to the individual." *Chen v. Shanghai Cafe Deluxe, Inc.,* No. 16-CV-4790 (VF), 2023 WL 2401376, at *10 (S.D.N.Y. Mar. 8, 2023) (internal quotation marks and citation omitted); *see also Katzman v. Essex Waterfront Owners LLC*, 660 F.3d 565, 566 (2d Cir. 2011) (per curiam) (Section 7434 is a "provision that creates a civil damages remedy for the willful filing of fraudulent 'information returns'"). "Information return" for purposes of the statute includes forms containing, for example, the total amount of wages paid to an employee (*i.e.* a Form W-2). *See* 26 U.S.C. §§ 7434(f), 6724(d)(1)(A)(vii), 6501(d).

"'A number of district courts' have held that, to state a claim under this provision, a plaintiff must allege facts to support that: '(1) the defendant issued an information return; (2) the information return was fraudulent; and (3) the defendant willfully issued the fraudulent information return.'" *See Yunjian Lin v. Grand Sichuan 74 St. Inc.,* No. 15-CV-2950 (RA), 2019

WL 3409892, at *4 (S.D.N.Y. July 29, 2019), *vacated in part on other grounds sub nom. Lin v. Grand Sichuan 74 St. Inc.,* No. 15-CV-2950 (RA), 2022 WL 195605 (S.D.N.Y. Jan. 21, 2022); *see also Osuagwu v. Home Point Fin. Corp.,* No. 22-1403, 2023 WL 3335315, at *2 (2d Cir. May 10, 2023), *cert. denied,* 144 S. Ct. 560, 217 L. Ed. 2d 298 (2024) ("The private right of action created by § 7434(a) applies only '[i]f any person <u>willfully</u> <u>files</u> a fraudulent information return.'") (emphases in original) (quoting *Katzman,* 660 F.3d at 568).

Defendants contend that Plaintiff has failed to adequately plead the elements of a Section 7434 claim. (Defs.' MoL at 6.) The Court finds that Plaintiff has failed to sufficiently allege the third element – willfulness – and dismisses his claim as a result.

## I. Willfulness

The Second Circuit has yet to define the willfulness requirement of a Section 7434 claim, and case law on this portion of the Internal Revenue Code is generally sparse in this Circuit. Circuit courts around the country have found that "willfulness" in the context of the Section 7434 requires a showing of intentional wrongdoing. *See, e.g., Pitcher v. Waldman*, 591 Fed. Appx. 466, 467 (6th Cir. 2015); *Maciel v. Comm'r,* 489 F.3d 1018, 1026 (9th Cir. 2007); *Granado v. Comm'r,* 792 F.2d 91, 93 (7th Cir. 1986). *But see Doherty v. Turner Broad. Sys., Inc.,* 72 F.4th 324, 329-30 (D.C. Cir. 2023) (holding that willfulness under Section 7434 requires a showing of recklessness, not specific intent). In accordance with this persuasive authority, this Court has previously held that willfulness in the context of a Section 7434 claim "connotes a voluntary, intentional violation of a legal duty."[1] *See Grande v. 48 Rockefeller Corp.,* No. 21CV1593PGGJLC, 2023 WL 5162418, at *12 (S.D.N.Y. Aug. 11, 2023) (quoting *Czerw v. Lafayette Storage & Moving Corp.,* No. 16-CV-

---

[1] One court in this district has construed willfulness to require a plaintiff to only show that "the defendant acted knowingly or recklessly," *Leo v. Province Therapeutics, LLC,* No. 223CV5418NJCJMW, 2024 WL 456824, at *9 (E.D.N.Y. Feb. 6, 2024) (quoting *Doherty,* 72 F.4th at 329).

6701-FPG, 2018 WL 5859525, at *3 (W.D.N.Y. Nov. 9, 2018)). This holding aligns with the Congressional intent behind Section 7434, which "was enacted to address the fact that 'some taxpayers may suffer significant personal loss and inconvenience as the result of the IRS receiving fraudulent information returns, which have been filed by persons intent on either defrauding the IRS or harassing taxpayers.'" *Katzman*, 660 F.3d at 569 (quoting H.R. Rep. 104–506, at 37). Congress "made clear, however, that," in creating the private right of action under Section 7434, "it did not intend 'to open the door to unwarranted or frivolous actions or abusive litigation practices'." *See id.* (quoting H.R. Rep. 104–506, at 37).

In light of the above, this Court will adhere to its previous decision in *Grande*, as well as those of other circuit courts, and hold that Section 7434 requires showing that a defendant voluntarily and intentionally violated a legal duty. Therefore, to survive a motion to dismiss, a complaint must contain specific allegations supporting a plausible inference that a defendant voluntarily and intentionally filed a false information return. These allegations must include "particularized facts from which one could infer that defendant[] knowingly issued false notices to the taxing authorities." *See Vandenheede v. Vecchio*, 541 F. App'x 577, 581 (6th Cir. 2013) (applying intentional wrongdoing standard for willfulness under Section 7434) (summary order).

Here, Plaintiff's Complaint fails to adequately plead willfulness on the part of Defendants. Plaintiff only conclusorily alleges that "Defendants willfully filed fraudulent information returns with respect to payments purported to be made to Plaintiff," and that "[t]hese information returns falsely stated that taxable income was received by Plaintiff and the [putative] Class in the form of wages and/or tips that were never actually paid." (Compl. ¶ 35.) Plaintiff offers no specific facts from which the Court can conclude that Defendants engaged in intentional wrongdoing, *see Grande*, 2023 WL 5162418, at *12; *see also Vandenheede*, 541 F. App'x at 581, or even that

Defendants acted "purposely, in that they were engaged in a scheme to defraud tax authorities," *see Czerw*, 2018 WL 5859525, at *3. *Cf. Bolling v. PP&G Inc.*, No. WDQ-15-911, 2015 WL 9255330, at *7 (D. Md. Dec. 17, 2015) (concluding that complaint that alleged the "who," "what," "when," "why," and "how" of the defendants' alleged tax fraud survived a motion to dismiss). For example, Plaintiff does not include facts suggesting that Defendants deliberately "misclassified" him on their information returns, or were "facing business woes," motivating their purported fraud. *See Czerw*, 2018 WL 5859525, at *3 (finding such facts to bolster "[t]he plausibility of [p]laintiff's claim of willful fraud" and satisfy the willfulness requirement for Section 7434). By contrast, the Complaint is silent as to Defendants' intent, motive, and the circumstances surrounding the alleged fraud. As currently drafted, "the [C]omplaint, [even] when taken as true, [fails to] establish[] Defendants' liability as a matter of law." *See id.* at *4.

Plaintiff's reliance upon *Rosario v. Fresh Smoothies LLC*, No. 20-CV-5831 (LJL), 2021 WL 5847633, at *6 (S.D.N.Y. Dec. 9, 2021), *amended*, No. 20-CV-5831 (LJL), 2022 WL 3030602 (S.D.N.Y. Aug. 1, 2022), does not mandate a different result. Though the allegations in *Rosario* are similar to those at bar (namely, that a plaintiff was paid partially by check and partially in cash and that the W-2 form that defendants filed with the IRS only reflected wages paid via check), *Rosario* concerned a motion for default judgment where defendants failed to appear. By contrast, Defendants have appeared in this action and have made arguments in support of dismissal. In the face of these arguments as well as Congress' intent that Section 7434 not "open the door to unwarranted or frivolous actions," H.R. Rep. 104–506, at 37, Plaintiff's conclusory statements and "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, do not suffice to show willfulness.

Accordingly, the Court finds that Plaintiff has failed to adequately plead willfulness and dismisses Plaintiff's Section 7434 claim without prejudice.[2]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Plaintiff's sole cause of action pursuant to 26 U.S.C. §7434 is dismissed without prejudice.

Plaintiff is granted leave to file an Amended Complaint as to any claim that has not been dismissed with prejudice. If Plaintiff chooses to do so, he will have until June 6, 2024 to file an Amended Complaint. The Defendants are then directed to answer or otherwise respond by June 27, 2024.

If Plaintiff fails to file an Amended Complaint within the time allowed, and he cannot show good cause to excuse such failure, any claims dismissed without prejudice by this Order will be deemed dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 20.

SO ORDERED:

Dated:   May 16, 2024
         White Plains, New York

_____

NELSON S. ROMÁN
United States District Judge

---

[2] Plaintiff argues that the Court should grant him leave to amend in the event it finds that he has not sufficiently pleaded his Section 7434 claim. (Pltf.'s Opp. at 7.) The Court agrees and therefore dismisses his claim without prejudice. *See Forman v. Davis*, 371 U.S. 178, 181-82 (1962) (emphasizing that the liberal spirit embodied in the language of Fed. R. Civ. P.15(a)(2) that leave to amend pleadings should be freely granted when justice so requires is to be followed by the court); *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block--Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979) ("If the plaintiff has at least colorable grounds for relief, justice does so require" granting leave to amend") (citing *Forman*, 371 U.S. at 182). The Court finds that Plaintiff has at least colorable grounds for relief, and so grants him leave to amend.